## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.** |
| v. | : | |
| **GEORGE PALATHINKAL,** | : | **VIOLATION:** |
| **Defendant** | : | 18 U.S.C. § 1621 |
| | : | (Perjury) |

### INFORMATION

The United States Attorney charges:

### COUNT ONE

(Perjury)

1. At all times relevant to this Information, defendant **GEORGE PALATHINKAL** was the general partner and Chief Financial Officer of Company A. Person A was the majority owner, managing partner, and Chief Investment Officer of Company A.

2. In early March 2014, defendant **PALATHINKAL** met Person A in New York, New York and discussed Person A's recent testimony before the United States Securities and Exchange Commission ("SEC"). Person A told defendant **PALATHINKAL** that Person A had testified before the SEC that there were promissory notes covering loans Person A and defendant **PALATHINKAL** had purportedly taken from Company A. Knowing such promissory notes did not exist, Person A stated that he would make a promissory note for himself for a loan up to $350,000. Person A told defendant **PALATHINKAL** to testify before the SEC that the promissory notes existed prior to Person A's testimony before the SEC.

3. Person A created two documents that purported to be promissory notes dated January 1, 2013. In one, Person A promised to repay Company A Person A's loan balance up to

1

$350,000 by December 31, 2016. In the other, defendant **PALATHINKAL** promised to repay Company A his loan balance up to $200,000 by December 31, 2016. Person A and defendant **PALATHINKAL** signed these documents on or about March 5 or 6, 2014. Person A told defendant **PALATHINKAL** to provide the notes to the SEC during his upcoming testimony.

4. On or about March 7, 2014, in the Northern District of Illinois, defendant **PALATHINKAL**, having taken an oath before a competent tribunal, officer, and person, in a case in which the law of the United States authorizes an oath to be administered, that he would testify truly, did willfully and contrary to that oath state a material matter which he did not believe to be true, that is, defendant **PALATHINKAL** gave the following false testimony in response to the questions posed:

Q. When did you sign this document [SEC Exhibit 130]?

A. This document was signed by me recently, but we had an earlier – document earlier.

Q. Was this document signed –

A. This was updated every now and then.

Q. So, is it your testimony that there are earlier drafts of this document?

A. Earlier – earlier versions of – of the note, yes.

5. SEC Exhibit 130 was a document defendant **PALATHINKAL** provided to the SEC during his investigative testimony that purported to be a promissory note between him and Company A.

6. In truth and in fact, as defendant **PALATHINKAL** well knew when he gave this testimony, there were no earlier versions or drafts of SEC Exhibit 130, SEC Exhibit 130 had actually been created and signed on or about March 5 or 6, 2014, and there were no other "promissory notes" between defendant **PALATHINKAL** and Company A or between Person A

and Company A.

(Perjury, in Violation of Title 18, United States Code, Section 1621(a))

RONALD C. MACHEN JR.
United States Attorney

By: *[signature]*

Peter C. Lallas
New York Bar No. 4290623
Assistant United States Attorney
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-6879